UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUZAN K. L.,<br><br>    Petitioner,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security Administration,<br><br>    Respondent. | Case No. 3:19-CV-00451-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court for its consideration is Suzan L's Petition for Review of the Respondent's denial of social security benefits, filed on November 20, 2019. (Dkt. 1.) The Court has reviewed the Petition for Review, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will remand the decision of the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed a Title II application for a period of disability and disability insurance benefits on January 15, 2016, claiming disability beginning January 1, 2014. The application was denied initially and on reconsideration, and a hearing was conducted on June 28, 2018, before Administrative Law Judge (ALJ) Glenn Meyers. After considering testimony from Petitioner and a vocational expert, ALJ Meyers issued a decision on October 19, 2018, finding Petitioner not disabled. Petitioner timely requested review by the Appeals Council, which denied her request for review on September 16, 2019.

Petitioner timely appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was forty-nine years of age. Petitioner completed high school. Her prior work experience includes work as a real estate agent.

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a

**MEMORANDUM DECISION AND ORDER - 2**

preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

The following two issues are raised on appeal:

1. Did the ALJ properly evaluate the medical opinions?
2. Is the ALJ's RFC assessment supported by substantial evidence?

Petitioner contends the ALJ erred, because he did not provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinions expressed by Dr. Kim Campbell, Petitioner's treating physician. Dr. Campbell opined it would be expected that Petitioner would miss the equivalent of two full

**MEMORANDUM DECISION AND ORDER - 3**

workdays each month, and be off task more than 20% of the time during each workweek. Petitioner argues the rejection of these opinions caused the ALJ to formulate an outcome determinative RFC specifying that Petitioner would be "off-task 10% of the workday but could still meet minimum production requirements," and would be "absent from work one and a half days per month." (AR 20.) Had the ALJ credited Dr. Campbell's opinions, Petitioner contends the ALJ would have concluded Petitioner was disabled, because the vocational expert testified that an individual who was off-task more than 10% of each workday and absent more than one and one-half days each month would not be employable. (AR 57.)

The Court has reviewed the record and finds that the ALJ did not provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Campbell's opinions,[1] and therefore the ALJ's RFC assessment is not free from legal error. The Court's findings are further explained below.

1.   **Treating Physician's Opinions**

The ALJ found Petitioner's posttraumatic stress disorder, anxiety disorder, depressive disorder, undifferentiated connective tissue disease, osteoarthritis, and substance abuse disorder (in remission) severe at step two. Dr. Campbell, Petitioner's primary care physician, began treating Petitioner in or about October of 2017. (AR 1026.) Dr. Campbell's records reflect Petitioner had monthly visits with Dr. Campbell for

---

[1] Both parties agree that the ALJ was required to articulate "specific and legitimate reasons" supported by substantial evidence for evaluating Dr. Campbell's opinions, as opposed to "clear and convincing" reasons.

**MEMORANDUM DECISION AND ORDER - 4**

medication management, and treatment of various physical complaints such as headaches, as well as symptoms caused by Petitioner's connective tissue disease. (AR 976 – 1025.) Dr. Campbell provided a medical source opinion dated June 5, 2018, at the request of Petitioner's attorney. (AR 1026 – 1029.) She lists Petitioner's primary symptoms as anxiety, significant joint pain, general body pain, and that more recently Petitioner was having headaches. (AR 1026.)

Although Dr. Campbell declined to provide an opinion regarding Petitioner's ability to perform certain physical functions, she provided information regarding Petitioner's headaches, which Dr. Campbell indicated had been occurring daily for the last month and lasted for several hours, resulting in "pain…all over the head, but more severe at temples [and] in jaw." (AR 1028). She also listed Petitioner's medications, which include Plaquenil, buprenorphine, valium, HCTZ (Hydrochlorothiazide), Protonix (pantoprazole), Lyrica, venlafaxine, diclofenac, Topamax, Zofran, baclofen, and aspirin, which she explained affected Petitioner's ability to concentrate. (AR 1028.)[2]

In Dr. Campbell's opinion, Petitioner's attention and concentration would be impaired to such a degree that she could not be expected to perform even simple work tasks for 20% of each workweek, and would miss 16 hours, or two full workdays or more per month because of her impairments, symptoms, or medications and their side effects. Dr. Campbell explained that: "I think especially her anxiety [and] PTSD makes it

---

[2] The list above excludes one of the medications Dr. Campbell listed, which is not legible to the Court and cannot be cross-referenced utilizing Dr. Campbell's treatment notes.

**MEMORANDUM DECISION AND ORDER - 5**

difficult for [Petitioner] to have [and] keep a job. I do think having a job would add to her stress [and] worsen the above conditions." (AR 1028.)

The state agency reviewing physicians, Drs. Eisenhauer and Flanagan, did not believe Petitioner's abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances were significantly limited, nor did they believe Petitioner would have significant lapses in concentration, persistence, and pace. (AR 25, 71 - 72, 89.)

The ALJ gave "little weight" to Dr. Campbell's opinion, despite noting that, "as the claimant's primary care provider, Dr. Campbell would be uniquely qualified to assess the claimant's condition." (AR 26.) The ALJ gave three reasons in support of his determination: (1) Dr. Campbell's treating relationship with Petitioner had lasted less than one year before she gave her medical source statement; (2) she declined to offer an opinion on the claimant's work-related function-by-function abilities and limitations; and (3) the opinions she offered regarding absenteeism and time off task were based on the claimant's mental impairments, which were outside Dr. Campbell's area of expertise as a family physician. (AR 26.) On the other hand, the ALJ gave moderate weight to the opinions of Drs. Eisenhauer and Flanagan, and diverged only with respect to providing more restrictive mental limitations in his RFC assessment. (AR 25.)

In social security cases, there are three types of medical opinions: "those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec.*, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "The medical

**MEMORANDUM DECISION AND ORDER - 6**

opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)); *see also* SSR 96-2p, 1996 WL 374188, at *1 (S.S.A. July 2, 1996) (stating that a well-supported opinion by a treating source which is not inconsistent with other substantial evidence in the case record "must be given controlling weight; i.e. it must be adopted.").

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining, or reviewing, physician's. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(d). In addition, the regulations give more weight to opinions that are explained than to those that are not, *see* 20 C.F.R. § 404.1527(d)(3), and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists, *see id*. § 404.1527(d)(5).[3]

Should the ALJ decide not to give a treating physician's medical opinion controlling weight, the ALJ must weigh it according to factors such as the nature, extent, and length of the physician-patient relationship, the frequency of evaluations, whether the

---

[3] The agency has amended the regulations governing medical opinions, but they apply only to claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. The ALJ correctly applied the rules applicable to Petitioner's claim, which was filed on January 15, 2016. *See* 20 C.F.R. § 404.1527.

**MEMORANDUM DECISION AND ORDER - 7**

physician's opinion is supported by and consistent with the record, and the specialization of the physician. *Trevizo*, 871 F.3d at 676; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Although a "treating physician's opinion is entitled to 'substantial weight,'" *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted), it is "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004). When there is a conflict between the opinions of a treating physician and either an examining or non-examining physician, the ALJ may disregard the opinions of the treating physician if he makes findings setting forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). *See also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); SSR 96-2P, 1996 WL 374188 at *5 ("[T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

**MEMORANDUM DECISION AND ORDER - 8**

2.     *Analysis*

Petitioner argues that the ALJ failed to provide any meaningful review of Dr. Campbell's records or provide legally sufficient reasons for rejecting her opinions. (Pet. Brief at 16, Dkt. 15.) The Court agrees.

The ALJ's first reason for rejecting Dr. Campbell's opinions was based upon the length of her treating relationship with Petitioner. An ALJ may consider the length and frequency of treatment in evaluating what weight to give the opinion of a treating physician. 20 C.F.R. § 404.1527(c)(2)(i). Thus, the number of visits with Dr. Campbell was proper for the ALJ to consider. However, a limited treatment relationship cannot alone support the rejection of a physician's opinion. *Fernandez v. Comm'r of Soc. Sec.*, No. 1:19-CV-0634 - JLT, 2020 WL 3497004, at *6 (E.D. Cal. June 29, 2020); *Rodriguez v. Berryhill*, 2017 WL 896304 at *10 (E.D. Cal. Mar. 6, 2017); *see also Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (holding that a limited treating relationship may be a valid reason for not according a giving controlling weight to the opinion of a treating physician, "it is not by itself a basis for rejecting them"). Here, Dr. Campbell saw Petitioner on a monthly basis for five months prior to Dr. Campbell's submission of her medical source statement. The medical records indicate Dr. Campbell coordinated Petitioner's care with other specialists, including Petitioner's psychiatrist and other mental health providers. Thus, the Court is unable to find that this factor, standing alone, supports the rejection of Dr. Campbell's opinions.

The ALJ's second reason for rejecting Dr. Campbell's opinions was because she

**MEMORANDUM DECISION AND ORDER - 9**

declined to offer a function-by-function opinion of her physical work related abilities and limitations. The ALJ failed to explain why this void was sufficient to reject Dr. Campbell's opinions, especially considering she did offer opinions regarding Petitioner's ability to maintain regular attendance, and her ability to maintain concentration, persistence, and pace during a normal workweek. These factors are an important part of Petitioner's functional capacity in addition to Petitioner's physical ability to lift, stand, walk, sit, push, pull, or engage in other postural positions. The fact Dr. Campbell did not answer questions concerning Petitioner's level of physical functioning is buttressed by the record, given Dr. Campbell did not perform a functional capacity examination.[4]

Finally, the ALJ rejected Dr. Campbell's opinion regarding absenteeism and time off task because the opinion is based upon Petitioner's mental impairments, which are outside Dr. Campbell's expertise as a family physician. While it is true that the opinions of a specialist may be given greater weight than those of a nonspecialist, *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996), in this case, the reasoning is not supported by evidence in the record. First, the ALJ failed to reference any particular evidence offered by a qualified specialist concerning Petitioner's mental impairments. Second, the United States Court of Appeals for the Ninth Circuit has rejected the assumption that a psychiatrist must offer evidence of mental impairment. Under general tenets of evidence, a primary care physician is qualified to give a medical opinion on mental state. *See*

---

[4] Had Dr. Campbell answered the questions, the Court has no doubt the ALJ would have rejected the answers because of the absence of a functional capacity examination conducted by Dr. Campbell objectively measuring Petitioner's functional abilities.

**MEMORANDUM DECISION AND ORDER - 10**

*Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). *See also Hale v. Berryhill*, 2017 WL 5508370, at *3 (W.D. Wash. Nov. 17, 2017) (a "lack of specialty in of itself is not a legitimate reason for failing to credit fully his opinion").

Further, the ALJ failed to discuss the record at all or the relationship of Dr. Campbell's knowledge and expertise as they relate to her opinions. Turning to the record, the ALJ did not reconcile the objective evidence with Dr. Campbell's opinion regarding absenteeism. Dr. Campbell, as Petitioner's primary care physician, coordinates her care. This is evident by Dr. Campbell's treatment notes documenting coordination of care with a rheumatologist, a gastroenterologist, emergency room physicians, and behavioral health providers. (AR 976 – 989.) There is evidence that Petitioner drives 70 miles each way to see her psychiatrist every other week, which likely would result in an absence from work. (AR 40.) Further, Dr. Campbell's notes document in detail Petitioner's behavioral therapy treatment progress and the frequency of Petitioner's appointments, which may also result in work-related absences and may constitute evidence of the degree of impairment. (AR 978, 983.)[5] Further, Dr. Campbell is aware of Petitioner's anxiety symptoms and treatment regimen. (AR 985.) The ALJ failed to discuss this evidence.

As Petitioner's primary care physician in charge of medication management, Dr. Campbell would have a unique perspective on the effects of Petitioner's medications, both singly and in combination. Dr. Campbell records that Petitioner's medications cause

---

[5] For instance, an individual who requires mental health counseling or other psychiatric treatment weekly, versus monthly, may be considered to have more severe symptoms.

**MEMORANDUM DECISION AND ORDER - 11**

her to fall asleep. (AR 983.) Dr. Campbell is aware of all medications Petitioner is prescribed, and presumably their effects. (AR 983 – 984.) She provided an opinion regarding the effects of Petitioner's medications. (AR 1028.) Yet, the ALJ failed to discuss this aspect of Dr. Campbell's opinion and her expertise regarding the same.

Respondent's post hoc arguments attempting to provide a rationale to support the ALJ's stated reasons are unavailing. First, Respondent cites directly to Dr. Campbell's treatment notes, in an attempt to buttress the ALJ's conclusory statement that the treatment relationship was insufficient to give controlling weight to her opinions. Respondent also attempts to support the ALJ's statement that Dr. Campbell was not qualified to assess Petitioner's mental health limitations, noting she did not see Petitioner for mental health complaints and citing to the medical evidence of record documenting Petitioner's reasons for seeking Dr. Campbell's care.

But principles of administrative law require the Court to review the ALJ's decision based on the ALJ's stated reasoning and factual findings—post hoc rationalizations are not allowed. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009). Although a failure to cite to the record may not undermine the ALJ's assessment even though his underlying rationale is less than clear, the Court must be able to discern the agency's path. *See Julia S. v. Comm'r of Soc. Sec.*, No. 3:18-CV-00175-AA, 2019 WL 1368569, at *3 (D. Or. Mar. 25, 2019) (*citing Molina v. Astrue*, 675 F.3d 1104, 1121 (9th Cir. 2012)). Such is not the case here. None of the evidence set forth in Dr. Campbell's records was discussed or evaluated by the ALJ. Nor did the ALJ provide any citations to any portion

**MEMORANDUM DECISION AND ORDER - 12**

of Dr. Campbell's records to allow the Court to discern the agency's path.

The ALJ failed to explain why he determined some other opinion, or even his own assessment of the evidence concerning Petitioner's ability to maintain regular attendance and her ability to sustain concentration, persistence and pace deserved credit. For instance, although he gave the state agency psychologists' opinions "moderate weight," he included no discussion of their opinions regarding Petitioner's ability to maintain regular attendance or her ability to sustain concentration, persistence and pace. (AR 25.)

In light of the Court's conclusions, the Court finds the ALJ's RFC assessment is not free from legal error and is not supported by his evaluation of the medical opinion evidence. Here, the ALJ's RFC finding conflicts with an opinion from a treating medical source, which requires the ALJ to explain why the medical source opinion was not credited. Because the ALJ did not provide legally adequate reasons supported by substantial evidence in the record for rejecting Dr. Campbell's opinions, the ALJ's RFC assessment is, in turn, erroneous. This error is particularly problematic given the vocational expert testified that all unskilled work would be precluded if Dr. Campbell's limitations regarding attendance, concentration, persistence and pace were included in the RFC.

### 3. Remand is Appropriate.

Petitioner requests the Court to remand her claim for immediate calculation and payment of benefits. She argues that, if Dr. Campbell's opinion is credited, the vocational expert testified that absences of more than 16 hours of work per month and off-task

performance of more than 20% of each work week would preclude all unskilled work. (AR 59.)

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292. In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ erred in evaluating the opinions of Petitioner's treating physician and failed to identify specific and legitimate reasons to reject the limitations identified by that physician. In addition, the ALJ failed to resolve conflicts in the medical record between Dr. Campbell's opinions and those of the state agency non-examining physicians

**MEMORANDUM DECISION AND ORDER - 14**

regarding Petitioner's absenteeism and ability to maintain concentration, persistence and pace. In turn, these errors caused the ALJ to formulate an RFC that lacked support from substantial evidence in the record. These errors are not "inconsequential to the ultimate nondisability determination," because Dr. Campbell identified limitations that were not incorporated into the residual functional capacity assessment. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Thus, the matter should be remanded for the ALJ to re-evaluate the medical evidence. *See Moisa*, 367 F.3d at 886.

## CONCLUSION

For the reasons set forth above, the Court finds the ALJ failed to identify specific, legitimate reasons supported by substantial evidence for rejecting the opinions of Petitioner's treating physician. Because the ALJ did not apply the proper legal standards in evaluating the medical opinion evidence, the Court will remand this matter for further proceedings.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED THAT:**

1) The Petition for Review (Dkt. 1) is **GRANTED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: February 23, 2021

_____
Honorable Candy W. Dale
United States Magistrate Judge